```
                UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF TENNESSEE
                       NASHVILLE DIVISION

MELISSA HEARRING, et al.,       )
                                )
     Plaintiffs,                )
                                )
       v.                       )    NO.  3:10-0746
                                )    Judge Haynes/Bryant
KAREN SLIWOWSKI, et al.,        )    **Jury Demand**
                                )
     Defendants.                )
```

## **MEMORANDUM AND ORDER**

Pending in this case is defendant Metropolitan Government's emergency motion for mental examination pursuant to Rule 35(a)(2) of the Federal Rules of Civil Procedure (Docket Entry No. 38). By this motion, defendant Metropolitan Government seeks an order requiring plaintiff's minor child, B.H., to submit to a mental examination by Dr. Bradley W. Freeman, of Vanderbilt University School of Medicine's Department of Psychiatry.

Plaintiff has filed a response in opposition (Docket Entry No. 39).

For the reasons stated below, the undersigned Magistrate Judge **GRANTS** defendant's motion.

Plaintiff has filed her amended complaint pursuant to 42 U.S.C. § 1983 alleging that defendant Karen Sliwowski, employed as a school nurse by defendant Metropolitan Government, violated the minor plaintiff's Fourth Amendment rights when she examined the minor plaintiff at Mt. View Elementary School on October 29, 2009. Plaintiff further alleges that defendant Metropolitan Government failed to provide suitable training and failed to adopt a suitable

policy designed to prevent constitutional violations by school nurses such as defendant Sliwowski.

Plaintiff in the amended complaint charges that the minor plaintiff, B.H., "has endured and will continue to endure grievous mental suffering, including but not limited to post-traumatic stress disorder," resulting from the alleged wrongful conduct of defendants.

Defendant Metropolitan Government in its motion papers states that it has previously disclosed Dr. Bradley W. Freeman as a defense expert witness. Defendants had planned to allow Dr. Freeman to base his expert opinions regarding the minor plaintiff's mental condition upon Dr. Freeman's review of pertinent records and deposition testimony. However, defendants state that, in a recent trial of another case before District Judge Haynes, the Court ruled inadmissible testimony of an expert psychologist on the grounds that the psychologist had not personally examined the plaintiff. While defendants respectfully insist that the standards upon which the Court excluded the expert psychologist's opinions in this other case should not be applied to the opinions of Dr. Freeman, a psychiatrist, defendants nevertheless wish to avoid the risk that Dr. Freeman's opinions might be excluded at trial by having Dr. Freeman conduct a personal examination of the minor plaintiff.

Plaintiff, in her response, argues that defendants' motion comes too late, since all deadlines for completion of discovery have expired. Plaintiff further insists that a personal examination by Dr. Freeman at this stage of the case would require

2

revisions of plaintiff's Rule 26 expert witness reports, and would otherwise interfere with the plaintiff's trial preparations.

From the record, the undersigned Magistrate Judge finds that the mental condition of the minor plaintiff, B.H., and causation of any existing mental condition are clearly "in controversy" in this case. Moreover, while the undersigned Magistrate Judge expresses no opinion on the admissibility of Dr. Freeman's expert opinions absent a personal examination of the minor plaintiff, the Court finds that defendants have demonstrated good cause for an examination pursuant to Rule 35. Although plaintiff is correct that the deadlines for discovery have expired, Dr. Freeman has previously been disclosed as a defense expert witness, and he has apparently agreed to conduct the requested examination and to schedule the exam at a time that would minimize any inconvenience for all involved.

For the reasons stated in this memorandum, defendant's motion for a mental examination of the minor plaintiff, B.H., is **GRANTED**. This examination shall be conducted by Bradley W. Freeman, M.D. at Vanderbilt University Medical Center in Nashville, Tennessee, at a time mutually available to Dr. Freeman and the minor plaintiff. Counsel are directed to cooperate with each other to schedule this mental examination as soon as it can reasonably be conducted. Defendants shall serve any revisions to their expert report for Dr. Freeman as soon as possible following completion of Dr. Freeman's mental examination, and in any event by **Friday, September 30, 2011**. Plaintiff shall have to and including **Friday, October 7, 2011**, within which to serve any amendments or revisions

to her expert witness reports necessitated by Dr. Freeman's amended report.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge
